UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. GIBBS,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIFORNIA FORENSIC MEDICAL GROUP, et al.,<br><br>  Defendants. | No. 2:18-cv-2707 KJM DB P<br><br>ORDER |

Plaintiff, a former pretrial detainee proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed in forma pauperis. Because plaintiff has made the required showing to proceed in forma pauperis, the application will be granted. Plaintiff's complaint is now before the Court for screening.

**I.  Screening Requirements**

"[T]he court shall dismiss the case at any time if the court determines that ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000); see also Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (per curiam).

1

## II. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III. Plaintiff's Allegations

At all times relevant to this action, plaintiff was a pretrial detainee housed at Shasta County Jail ("SCJ") in Redding, California. Plaintiff's caption and complaint identifies the following defendants: the California Forensic Medical Group ("CFMG"), Psychiatric Nurse Mary Barnes, Dr. Johnson, and Does 1-8.

Plaintiff's allegations may be fairly summarized as follows:

Plaintiff has a history of serious mental health problems, including hospitalization for, *inter alia*, bipolar disorder, severe depression with psychotic features, suicide ideation, and post-traumatic stress disorder.

Plaintiff was housed at SJC for three years as a pretrial detainee. He was first taken there during a psychiatric emergency in which he was suicidal. On arrival, CFMG stripped plaintiff and placed him in a small, "rubberised [sic]" room with no heat, bunk, toilet, or sink. The room was stained with feces and urine, and plaintiff was not provided any blankets or toilet paper. Plaintiff was held in that cell for several days. Upon his release, he did not receive any therapy or treatment. Instead, he was placed in a solitary cell in administrative segregation. Since then, plaintiff has been placed on suicide watch at least 13 times.

Plaintiff repeatedly informed CFMG employees that he was suffering from severe mental health issues and that his condition was worsening. He also repeatedly requested comprehensive care, including access to regular appointments with a therapist, transfer to a psychiatric facility, and examination and diagnosis by a psychologist. Each of these requests was denied by CFMG doctors, administrators, and nurses, including the defendants Nurse Barnes, Dr. Johnson, and Does 1-8. He also names Adrienne Campbell, Barbara Littleton, a Ms. Debra, a Mr. John, and Tom Hammonds as individuals involved in these denials, but it is unclear if he intends to proceed against them. The only mental health treatment plaintiff received at SJC was psychotropic medications. As a result, plaintiff's mental health has declined dramatically since arriving at SJC.

CFMG contracts with California jails to provide health care to inmates. Plaintiff accuses CFMG of a custom, policy, or practice of ignoring serious mental illnesses and failing or refusing to provide meaningful health care to inmates and pretrial detainees.

By way of relief, plaintiff seeks damages and an order to CFMG to "provide comprehensive mental health care to inmates in California."

**IV.    Discussion**

**A.    Private v. Public Actors**

Plaintiff has named CFMG and presumably its employees in this civil rights action even though they are ostensibly private actors. To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir.2006). Generally, private parties are not acting under color of state law. Brentwood

3

Academy v. Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295 (2001); Single Moms, Inc. v. Montana Power Co., 331 F.3d 743, 746-47 (9th Cir. 2003); Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999); Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). However, private parties under contract with the government may be held liable under section 1983. Brentwood Academy, 531 U.S. at 295-96.

Considering notice pleading standards, plaintiff's allegation that the CFMG is a medical contractor at the jail is sufficient allow plaintiff to bring suit under section 1983 against it as if it is a local government unit and against its employees.

**B.     Linkage**

The Court now turns to the individual defendants named in the complaint. Under § 1983, the plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77 Simmons v. Navajo County, 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*. Iqbal, 556 U.S. at 676-77. Supervisory personnel may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 2101 (2012).

Plaintiff has not alleged any facts indicating that the individual defendants personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989). Plaintiff's allegation that these defendants denied his various requests for additional treatment is too vague to proceed. Accordingly, plaintiff's allegations fall short of what is necessary to give rise to a cognizable claim for relief under section 1983 against any of the individual named defendants.

Additionally, it is unclear if plaintiff intends to proceed against several other individuals identified in the body of the complaint, including Adrienne Campbell, Barbara Littleton, a Ms.

Debra, a Mr. John, and Tom Hammonds. If plaintiff does intend to proceed against these people, he must specify so in an amended pleading.

### C. Fourteenth Amendment Medical Care

The Fourteenth Amendment guarantees pretrial detainees constitutionally adequate health care during their detention. Conn v. City of Reno, 591 F.3d 1081, 1094 (9th Cir. 2010), cert. granted, judgment vacated sub nom. City of Reno v. Conn, 563 U.S. 915 (2011), opinion reinstated, 658 F.3d 897 (9th Cir. 2011). An official's deliberate indifference to a detainee's serious medical needs violates the Fourteenth Amendment. Farmer v. Brennen, 511 U.S. 825, 828 (1994). A serious medical need exists where failure to provide medical treatment "could result in further significant injury or the unnecessary and wanton infliction of pain." Conn, 591 F.3d at 1095.

The Supreme Court has treated medical-care claims like other conditions-of-confinement claims, such as failure-to-protect claims. Gordon v. County of Orange, 888 F.3d 1118, 1124-25 (9th Cir. 2018), cert. denied, 139 S. Ct. (2019). Indeed, "the medical care a prisoner receives is just as much a condition of his 'confinement' as ... the protection he is afforded against other inmates." Wilson v. Seiter, 501 U.S. 294, 303 (1991). Until recently, however, the tests for these claims differed in one important way: medical care claims required the detainee to demonstrate the officials' subjective awareness of their medical risk. Conn, 572 F.3d at 1056. Other conditions-of-confinement claims required objective awareness of risk. See Kingsley v. Hendricks, 135 S. Ct. 2466, 2472-73 (2015).

Last year, the Ninth Circuit revised the test for claims of deliberate indifference against individual defendants to a pretrial detainee's medical needs. Gordon, 888 F.3d 1118. Gordon standardized the test for medical-care claims by dropping Conn's subjective awareness requirement and imported a purely objective standard from other conditions-of-confinement claims. Id. at 1124-25. In order to demonstrate deliberate indifference to a detainee's serious medical needs, a plaintiff must satisfy the following four elements: (1) each individual defendant made an intentional decision related to the conditions of the plaintiff's confinement; (2) those conditions put the plaintiff at risk of suffering serious harm; (3) the defendant failed to take

5

reasonable steps to abate the risk even though a reasonable official in those circumstances would have understood the high degree of risk involved, making the consequences of their actions obvious; and (4) by failing to take those actions, the defendant caused the plaintiff's injury. Id.

The Gordon standard represents a wholly objective test against which the Court measures the defendant's behavior. Gordon, however, did not abandon the entire deliberate indifference framework. A showing of deliberate indifference still requires more than mere negligence. Id. at 1125 (citing Daniels v. Williams, 474 U.S. 327, 330-31 (1986)). The mere lack of due care is insufficient to prove a Fourteenth Amendment violation. Gordon, 888 F.3d at 1125.

Accordingly, plaintiff's medical claims fail if jail officials met the objective standard of care in their medical treatment of plaintiff. This objective analysis will necessarily "turn on the facts and circumstances of each particular case." Id. (internal quotations omitted). In order to state a cognizable civil rights claim concerning medical care, plaintiff is required to "prove more than negligence but less than subjective intent – something akin to reckless disregard." Id. But "a pretrial detainee need not prove those subjective elements about the officer's actual awareness of the level of risk." Castro, 833 F.3d at 1071.

### a. Individual Defendants

As discussed, plaintiff alleges generally that the defendants denied his various requests for additional treatment for his mental health. He fails, however, to identify specific "facts and circumstances" as to defendant to enable the Court to conduct an objective analysis of his claims.

He therefore fails to state a claim as to Nurse Mary Barnes, Dr. Johnson, and Does 1-8.

### b. CFMG

A local government unit may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability. Monell v. Dep't of Social Services, 436 U.S. 658, 691 (1978); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. Gibson, 290 F.3d at 1185. Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice ... was the 'moving force' behind the constitutional violation ... suffered."

Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989).

Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson, 290 F.3d at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

Plaintiff claims CFMG has a "well-settled custom, policy or practice of ignoring serious mental illnesses and failing or refusing to provide meaningful health care to inmates and pretrial detainees who suffer from them." Compl. at 3. He also claims that CFMG employees, in denying his various requests for additional treatment, "were obviously following a well-settled policy of CFMG to not offer any mental health services other than medication." Id. at 4. Plaintiff has not, however, asserted specific factual allegations supporting the existence of this policy. Viewing the complaint as a whole, the Court finds that it does not contain a sufficient quantum of factual allegations to plausibly allege the existence of a policy or custom under Monell.

Accordingly, plaintiff also fails to state a claim against CFMG.

**D.  Request for Injunctive Relief**

Plaintiff, who is no longer detained, seeks injunctive relief in the form of ordering CFMG to provide comprehensive mental health care to inmates. Insofar as plaintiff seeks systemic changes, several class actions relating to the treatment of prisoners in California prisons bar his claim. Coleman v. Brown, 2:90-cv-520-KJM-DB (E.D. Cal); Hecker v. California Department of Corrections and Rehabilitation, 2:05-cv-2441-KJM-DAD (E.D. Cal.); Mitchell v. Cate, 2:08-cv-01196-TLN-EFB (E.D. Cal.); and Plata v. Schwarzenegger, C–01–1351 TEH (N.D. Cal., filed Apr. 5, 2001). Where a plaintiff is seeking injunctive relief on claims are subject to a consent decree, such claims must be pursued through the consent decree or class counsel. Frost v. Symington, 197 F.3d 348, 358-59 (9th Cir. 1999); Crayton v. Terhune, C-98-4386 CRB(PR),

2002 WL 31093590, *4 (N.D. Cal. Sept. 17, 2002). Plaintiff may, however, pursue damages claims under section 1983, Hiser v. Franklin, 94 F.3d 1287, 1291 (9th Cir. 1996), and he is not necessarily barred from seeking injunctive relief for his individual claim, Pride v. Correia, 719 F.3d 1130, 1137 (9th Cir. 2013). But he cannot receive systemic injunctive relief.

To the extent plaintiff also seeks individual injunctive relief, his release from jail moots this form of relief. Alvarez v. Hill, 667 F.3d 1061, 1064 (9th Cir. 2012) ("An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action.") (internal quotation marks and citations omitted).

## V.   Conclusion

Plaintiff's complaint fails to state a claim on which relief may be granted. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff does not wish to amend, he may instead file a notice of voluntary dismissal, and the action then will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). Alternatively, plaintiff may forego amendment and notify the Court that he wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). If the last option is chosen, the undersigned will issue findings and recommendations to dismiss the complaint without leave to amend, plaintiff will have an opportunity to object, and the matter will be decided by a District Judge.

If plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff should note that although he has been granted the opportunity to amend his complaint, it is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully review this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint

8

supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves a function in the case. Id. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly titled, in bold font, "First Amended Complaint," reference the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 9) is granted;
2. Within thirty (30) days from the date of service of this order, plaintiff must file either a first amended complaint curing the deficiencies identified by the Court in this order, a notice of voluntary dismissal, or a notice of election to stand on the complaint; and
3. If plaintiff fails to file a first amended complaint or notice of voluntary dismissal, the Court will recommend the action be dismissed, with prejudice, for failure to obey a court order and failure to state a claim.

Dated: March 29, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/gibb2707.scrn